**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 24 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROLAND RUDD,

  Plaintiff-Appellant,

v.

BILL GRAVES, Governor of the State
of Kansas; WILLIAM P. MAHONEY,
Police Officer, Wichita Police
Department; DONNA JEAN
BUCKMAN, Police Officer, Wichita
Police Department; and BOB
KNIGHT, Mayor, Wichita, Kansas,

  Defendants-Appellees.

No. 01-3264
(D.C. No. 01-CV-3067-GTV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY,** and **LUCERO**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On January 12, 2000, a Kansas jury found Mr. Ronald Rudd, the plaintiff-appellant, guilty of rape. Mr. Rudd is currently serving a prison sentence in Kansas for that crime.

On March 20, 2001, Mr. Rudd filed a suit pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Kansas asserting that Wichita police officers arrested him in violation of his rights under the Fourth and Fourteenth Amendments. (Doc. 3.) Specifically, Mr. Rudd alleged "that the arresting officers did not reply to his question why he was under arrest." (April 18, 2001 Order at 2; Doc. 4). Because his initial filing did not identify facts that would allow him to press a cognizable Fourth Amendment claim, the district court granted Mr. Rudd leave "to present any additional facts or arguments in support of his claim." (April 18, 2001 Order at 3; Doc. 4) In an amended complaint, Mr. Rudd alleged two grounds for relief. First, he contended, as he had in his initial filing, that his Fourth Amendment rights were violated when the arresting officers failed to tell him why he was placed under arrest. Second, Mr. Rudd alleged that the police officers did not have probable cause to make an arrest. (August 1, 2001 Order at 1-2; Doc. 7.) The district court dismissed both claims.

On August 5, 2001, Mr. Rudd filed a Notice of Appeal with this Court. (Doc. 12.) On September 7, 2001, he filed a brief with this Court, and on

September 10, 2001, he submitted a letter to this Court asking to supplement the record on appeal.

In his appeal, Mr. Rudd reasserts that the arresting officers violated his Fourth Amendment rights by not explaining why he was placed under arrest, or even telling him that he was under arrest, until he was booked several hours later at the police station. He also renews his claim that he was arrested without probable cause. In addition, Mr. Rudd asserts, from the record, seemingly for the first time, that the district court did not have proper venue over the case. We find all of Mr. Rudd's arguments to be frivolous and affirm the judgment of the district court.

As to the venue claim, Mr. Rudd alleges venue was improper because his case was filed initially with the federal district court sitting in Wichita, then transferred to Topeka, and transferred from Topeka to Kansas City, Kansas. (Aplt. Br. at 1, 6.) Without offering any factual support, he asserts there is a "discriminatory practice in sending the prisoners' cases to Kansas City, Kansas." (Id. at 6.) Not only is Mr. Rudd's venue claim without merit, see 28 U.S.C. § 1391(b), he has waived the issue by not properly raising it below. See FRCP 12(h)(1); 28 U.S.C. § 1406(b).

Mr. Rudd's claim that his constitutional rights were violated because police officers only told him the grounds for his arrest at the time he was "booked" is

also meritless. The Sixth Amendment only requires that a defendant be informed of the charges against him when "the government has committed itself to prosecution." Kladis v. Brezek, 823 F.2d 1014, 1018 (7th Cir. 1987). The Fourth Amendment–the Amendment Mr. Rudd looks to for relief–does not require officers to tell a suspect the grounds for his arrest or even to expressly state that he is under arrest; rather, it requires that officers have probable cause before making an arrest. Dunway v. New York, 442 U.S. 200, 212-13 (1979) (finding the even though a defendant "was not told he was under arrest," his seizure fell within the Fourth Amendment's protection against "illegal arrests" and required a showing of probable cause to be justified); United States v. Davis, 197 F.3d 1048, 1051 (10th Cir. 1999) ("An arrest is a 'seizure' for Fourth Amendment purposes and is reasonable where there is probable cause to believe that an offense has been or is being committed."); United States v. Young, 105 F.3d 1, 6-8 (1st Cir. 1997) (discussing how a stop that turns into a de facto arrest must be supported by probable cause); Kladis, 823 F.2d at 1018 ("[T]he Fourth Amendment requires only that the police have probable cause to believe that an individual has broken the law before arresting him.").

Finally, contrary to Mr. Rudd's claim, the arresting officers had probable cause to make an arrest. "Probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which they had

reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to have the belief that an offense has been or is being committed by the person to be arrested." United States v. Alonso, 790 F.2d 1489, 1496 (10th Cir. 1986). In this case, officers initially received a 911 dispatch indicating that a Roland Azlum committed the rape and giving a physical description of the assailant. While en route to the scene of the crime, at least one of the arresting officers received a subsequent radio dispatch indicating that the suspect was at the scene of the crime and that his name was Roland Rudd. Upon arriving, one officer encountered a male matching the description of the alleged assailant who identified himself as Roland Rudd. Inside the room where the rape occurred, another officer found a distraught young woman cowering under a sink and was told by another person present in the room that Mr. Rudd had raped the victim. Moreover, as the Kansas trial court explained, the victim feared Mr. Rudd. (Preliminary Exam Tr. at 25.) Such facts more than adequately show that probable cause existed for the arrest.

For the forgoing reasons, we deem Mr. Rudd's appeal frivolous, **AFFIRM** the district court's rulings, and **DENY** Mr. Rudd's motion to supplement the record on appeal.

We also remind Mr. Rudd that although the district court granted his application to proceed without prepaying the appellate filing fee, he must continue making partial payments until the entire filing fee is paid.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge